UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLAKE O'BRYAN SWANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.:  3:23-CV-59-DCLC-DCP |
| ) | |
| JAMES GOODWIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court upon consideration of inmate Blake O'Bryan Swann's Complaint, which the Court considers pursuant to 42 U.S.C. § 1983[1] [Doc. 2], his applications seeking to proceed *in forma pauperis* in this action [Docs. 1, 5], his motions for the appointment of counsel [Docs. 3, 6, 11], and his motion for a temporary restraining order [Doc. 7]. For the reasons set forth below, Plaintiff's motions to proceed as a pauper will be **DENIED**, Plaintiff's remaining motions will be **DENIED** as moot, and this action will be **DISMISSED** without prejudice to Plaintiff prepaying the filing fee and reinstating the case.

I.  APPLICATION OF "THREE STRIKES"

The Court finds that Plaintiff is barred from proceeding *in forma pauperis* because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that a prisoner may not proceed *in forma pauperis* in a civil action if, as a

---

[1] In his Complaint [Doc. 2] and supplemental filings [Doc. 8], Plaintiff raises challenges to his criminal convictions. Plaintiff cannot challenge the fact of his incarceration in a § 1983 action, *see Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973), and therefore, the Court does not here address Plaintiff's challenges to his criminal convictions. The Court notes, however, that a separate federal habeas action has been opened to address those challenges. *See Swann v. Tennessee*, 3:23-mc-10 (E.D. Tenn. Feb. 16, 2023).

prisoner, he has filed three or more cases that a court dismissed as "frivolous, malicious, or [for] fail[ure] to state a claim upon which relief may be granted, unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This Court has previously denied Plaintiff's request to *in forma pauperis* in civil actions due to his accumulation of "strikes" under §1915(g). *See Swann v. Sexton*, No. 3:22-cv-236 (E.D. Tenn. Aug. 4, 2022) (citing *Swann v. Gouge*, No. 2:08-cv-105 (E.D. Tenn. July 13, 2010) (dismissal for failure to state a claim upon which § 1983 relief may be granted); *Swann v. Tucker*, No. 2:09-cv-264 (E.D. Tenn. Jan. 4, 2010) (same); *Swann v. Graybell*, No. 2:18-cv-207 (E.D. Tenn. Apr. 15, 2020) (same)); *see also Swann v. Sexton*, No. 2:22-cv-64 (E.D. Tenn. Aug. 9, 2022) (denying Plaintiff's motion to proceed as a pauper pursuant to three strikes provision of § 1915(g)). Therefore, Plaintiff has accumulated at least three strikes under the PLRA and cannot file the instant suit, or any future suit, as a pauper unless he demonstrates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER

"The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). The exception applies where the pleading contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plausibility in this context means that "a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).

Plaintiff's Complaint alleges infirmities in his criminal proceedings, including a conflict of

interest by his public defender, and he seeks one million dollars for "mental anguish" [Doc. 2 p. 2]. He does allege any circumstances suggesting that he faced an "imminent danger of serious physical injury" at the time he filed this action.[2]  28 U.S.C. § 1915(g). Therefore, Plaintiff may not proceed *in forma pauperis* in this action.

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's motions to proceed *in forma pauperis* [Docs. 1, 5] will be **DENIED** pursuant to § 1915(g), all pending motions [Docs. 3, 6, 7, 11] will be **DENIED** as moot, and the instant action will be **DISMISSED without prejudice** to Plaintiff paying the filing fee in full within thirty (30) days of the date of entry of this Order and thereby reinstating the case. Regardless of whether Plaintiff prepays the filing fee to reinstate this case, Plaintiff will be **ASSESSED** the full filing fee of $402.00. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk and that dismissal of the action under § 1915(g) "does not negate or nullify the litigant's continuing obligation to pay the filing fee in full").

Additionally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

---

[2] The Court notes that Plaintiff's motion for a temporary restraining order [Doc. 7] and supplement [Doc. 10], alleges a variety of conditions of confinement Plaintiff finds unsuitable, including interferences with privileges, mail, recreation time, and a lack of privacy and adequate food portions [*See* Docs. 7, 10]. None of these circumstances suggest an imminent danger of serious physical injury, however, and the Court otherwise finds the allegations out of place in Plaintiff's lawsuit, which is premised on false imprisonment. *See, e.g., Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (holding courts may not issue injunctive relief when injunction deals with issues outside the suit) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

**ENTER**:

                                                s/Clifton L. Corker
                                                United States District Judge

4

Case 3:23-cv-00059-DCLC-DCP   Document 12   Filed 03/31/23   Page 4 of 4   PageID #: 29