UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLAKE O'BRYAN SWANN, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-59-DCLC-DCP |
| JAMES GOODWIN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Blake O'Bryan Swann has filed a "Prayer for Relief/Motion to Continue to Proceed *In Forma Pauperis*/Challenging the Three Strike Effect" in this pro se prisoner's civil rights action under 42 U.S.C. § 1983 [Doc. 14]. The Court construes the filing as a motion for reconsideration of the Court's April 3, 2023, dismissal of this action. For the reasons set forth below, the motion [Doc. 14] is **GRANTED in part** and **DENIED in part**.

### I. LEGAL STANDARD

While the Federal Rules of Civil Procedure do not provide for motions for reconsideration, "a motion with that title that is filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e), and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). The Court received the instant motion on April 12, 2023 [Doc. 14]. Because Plaintiff's motion was filed within 28 days of entry of judgment, the Court considers the motion as arising under Rule 59(e) of the Federal Rules of Civil Procedure.

A court "may grant a timely Rule 59 motion to alter or amend judgment to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling

law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)).

However, Rule 59(e) cannot be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Dissatisfaction with the court's initial judgment and/or disagreements with its conclusions are insufficient to support a Rule 59(e) motion. *See, e.g., Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."). Therefore, Rule 59(e) does not provide litigants the "opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

## II. ANALYSIS

This Court dismissed Plaintiff's § 1983 suit without prejudice to his ability to prepay the filing fee and reinstate the suit after finding Plaintiff had abused his *in forma pauperis* privileges by filing three or more prior lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted [Doc. 12 p. 2-3, citing 28 U.S.C. § 1915(g)]. Plaintiff now asks the Court to reconsider that determination, arguing he (1) filed a habeas action in April 2022 that alleged an "imminent dange[]r situation," (2) previously filed an *in forma pauperis* civil complaint in the Greeneville Division and believes he was granted a change of venue to the Knoxville Division, (3) cannot fully respond to his adversary's motions because of mail interference, and (4) did not file two of the previous lawsuits counted against him as "strikes"

2

under 28 U.S.C. § 1915(g) and requests the Court "provide all files of these lawsuits" [Doc. 14 p. 1-2].

None of Plaintiff's first three arguments has any bearing on whether he is entitled to proceed *in forma pauperis* in the instant suit, and the Court expressly finds that these arguments do not warrant Rule 59 relief. This leaves Plaintiff's claim that he did not file two of the lawsuits counted against him as "strikes" in the Court's Memorandum Opinion—namely—*Swann v. Gouge* and *Swann v. Tucker* [Doc. 14 p. 1].

In its Memorandum Opinion dismissing this case without prejudice for Plaintiff's abuse of his *in forma pauperis* privileges, the Court noted that it had previously denied Plaintiff's request to proceed *in forma pauperis* due to his accumulation of "strikes" under § 1915(g) in *Swann v. Sexton*, No. 3:22-cv-236 (E.D. Tenn. Aug. 4, 2022) and *Swann v. Sexton*, No. 2:22-cv-64 (E.D. Tenn. Aug. 9, 2022) [Doc. 12 p. 2]. It also noted that Plaintiff had prior prisoner's civil rights actions dismissed for failure to state a claim upon which § 1983 relief may be granted in *Swann v. Gouge*, No. 2:08-cv-105 (E.D. Tenn. July 13, 2010); *Swann v. Tucker*, No. 2:09-cv-264 (E.D. Tenn. Jan. 4, 2010); and *Swann v. Graybell*, No. 2:18-cv-207 (E.D. Tenn. Apr. 15, 2020) [*Id.*].

The Court has revisited each case cited in its Memorandum Opinion and finds Plaintiff's motion for reconsideration is well taken insofar as he complains that he did not file a lawsuit captioned "*Swann v. Tucker*" [Doc. 14 p. 1]. The Court made a scrivener's error in its caption designation, as "Tucker" was one of four individuals initially identified as plaintiffs in that action, and "Johnson" was the first of the named defendants [*See* No. 2:09-cv-264]. Therefore, Plaintiff's motion is **GRANTED** to the extent that the Memorandum Opinion is hereby amended to correct "*Swann v. Tucker*" to "*Swann v. Johnson*."

However, the remainder of Plaintiff's motion is **DENIED**, as the Court's review also

3

confirmed that Plaintiff requested and received a certified inmate accounting from the Washington County Detention Center in connection with each case number cited above. Plaintiff does not explain, nor can the Court imagine, how or why any other individual would have obtained Plaintiff's certified inmate accounting records and submitted them to the Court in order to pursue a lawsuit in Plaintiff's name. Additionally, Plaintiff was mailed a copy of every Order filed in these prior lawsuits, and he has not provided the Court with any cause to reproduce additional copies at taxpayer expense. Therefore, Plaintiff is not entitled to any additional relief.

**SO ORDERED.**

**ENTER:**

                                        s/Clifton L. Corker
                                        United States District Judge